## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW JONES, <br><br>                 Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br>                 Defendants. | Civil Action No. 16–07 (APM) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

Plaintiff's opposition to defendants' Motion to Dismiss rests on the fact that the warrant for plaintiff's arrest was inaccurate. However, there is no allegation that the District of Columbia (the District) or its employees were aware of the inaccuracy. Plaintiff admits that when he was arrested on November 5, 2014, the National Crime Information Center (NCIC) reflected an administrative warrant issued by the U.S. Marshals Service (USMS). (First Am. Compl. (FAC) ¶ 28, 32, 29). Plaintiff was arrested and detained pursuant to the warrant. The following day, the USMS issued a Form USM-41 custodial order directing plaintiff be held at Central Detention Facility (CDF) "pending federal designation." (FAC ¶ 53). Relying on the accuracy of the information from the USMS, the District detained plaintiff at CDF, where he was subject to routine procedures—including searches. Defendants' reasonable reliance on the information and directives of the USMS precludes plaintiff's claims against the District and its employees.

## ARGUMENT

**I.** <u>**Officer Stanford, Ms. Gaines, Ms. Blair-Summers, and Warden Smith Are Entitled To Qualified Immunity.**</u>

Officer Stanford, Ms. Gaines, and Ms. Blair-Summers are entitled to qualified immunity against plaintiff's Fourth and Fifth Amendment claims. (*See* Defs' Mot. at 6-10, 12-14). Qualified immunity bars government officials from liability based on mistakes of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Defendants received instruction from federal agencies that plaintiff was to be arrested and detained. Defendants' reliance on the accuracy of the instruction was neither plainly incompetent nor a knowing violation of the law. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects all but the "plainly incompetent or those who knowingly violate the law"). Thus, Counts I, III, and IV should be dismissed.

On November 5, 2014, Officer Stanford was contacted by the Court Services and Offender Supervision Agency (CSOSA)—the federal agency charged with overseeing adults on probation and parole—and told that someone under their supervision should be arrested for violating a condition of his sentence. (FAC ¶ 39). Officer Stanford then searched the NCIC database, which confirmed a warrant had been issued for plaintiff's arrest. (FAC ¶ 40). Under these circumstances, Officer Stanford's conduct was reasonable. Plaintiff's allegation, FAC ¶ 41,that he showed Officer Stanford a piece of paper stating his CSOSA assignment does not negate the reasonableness of Officer Stanford's reliance on the NCIC warrant after being called to the scene *by* CSOSA.

Plaintiff relies upon *Berg v. County of Allegheny*, 219 F.3d 261 (3d Cir. 2000), which is distinguishable from the instant case. In *Berg*, the arresting officer was presented with the arrestee's driver's license which confirmed the arrestee was no longer on parole and, therefore, could not possibly be in violation of the terms of his parole. 219 F.3d at 267. The court in *Berg* acknowledged that the circumstances were extraordinary and immunity generally extends to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant. *Id.* at 273. District of Columbia courts have held the same. *See, e.g.*, *Bailey v. United States Marshal Serv.*, 584 F. Supp. 2d 128, 133 (D.D.C. 2008).

Plaintiff suggests that Officer Stanford was required to call the USMS. However, even if he had done so, the USMS would have told Officer Stanford that the warrant was valid. Plaintiff alleges that the USMS did nothing to rescind or correct the inaccurate warrant. Therefore, a phone call would not have resulted in a different outcome. (*See* FAC ¶ 59). In fact, on November 6, 2014 the USMS issued a Form USM-41 custodial order directing plaintiff be held at CDF "pending federal designation" – again conveying to the District and its employees that plaintiff had actually escaped from Hope Village. (FAC ¶ 53).

Ms. Gaines and Ms. Blair-Summer's reliance on the information and directive of the USMS was also reasonable. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) (failure to perform an error-free investigation of claims of wrongful detention does not itself eliminate the entitlement to qualified immunity). CDF was directed by the USMS to detain plaintiff (FAC ¶ 53). Taking all facts in the light most favorable to

plaintiff, there is no basis from which to find Ms. Gaines or Ms. Blair-Summers knew plaintiff's constitutional rights were being violated by his detention, or that they acted with the level of extreme incompetence required to defeat their entitlement to qualified immunity against his unlawful detention claim.

Plaintiff's claim against Ms. Gaines, Ms. Blair-Summers, and Warden Smith for deliberate indifference is wholly inadequate. Only the most extreme conduct, which "shocks the conscience," constitutes deliberate indifference. *Cohen v. District of Columbia*, 744 F. Supp. 2d 236, 243 (D.D.C. 2010). Defendants' reliance on the USMS warrant and order was far from the egregious, conscience shocking conduct which constitutes deliberate indifference. *See id.*

## II.   The Routine Searches of Plaintiff Were Constitutional.

Plaintiff's claims under Count II for unreasonable search should be dismissed because the routine searches of plaintiff did not violate his constitutional rights. (*See* Defs' Mot. at 10-12). In 2011, the D.C. Circuit found, "[t]he governing precedent was [in 2002], as it is now, *Bell v. Wolfish*, and nothing in *Bell* requires individualized, reasonable suspicion before strip searching a person entering a detention facility." *Bame v. Dillard*, 637 F.3d 380 (D.C. Cir. 2011). The 2012 U.S. Supreme Court decision *Florence v. Board of Chosen Freeholders*, 132 S. Ct. 1510 (2012), did not disturb the ruling of *Bell;* nor did it "clearly establish" the right for an inmate to be free from strip search upon admission to the detention facility. In *Florence*, the Court upheld a policy which required every arrestee to shower with a delousing agent and be strip searched prior to admission to the facility. *Florence*,

4

132 S. Ct. at 1523. The Court declined to rule on whether or not the search would be constitutional if it involved touching or detainees who are not in contact with other inmates. *Id.* at 1522. Nothing about the limited ruling of *Florence* changes the District of Columbia precedent.

The law of the District of Columbia is, as it was in *Bame,* that plaintiff did not have a right to be free from the routine searches he was subject to upon his admission and re-admission to CDF. Plaintiff's claim against Officer Stanford is additionally baseless because Officer Stanford did not conduct or direct the search of plaintiff. As a result, Count II should be dismissed.

### III.   Plaintiff Failed to Plead a Policy or Pattern of Deliberate Indifference for Municipal Liability Under § 1983.

Plaintiff failed to plead a pattern, policy, or practice of deliberate indifference to support his § 1983 claim against the District. In his opposition, plaintiff argues Warden Smith and the District knew to a "moral certainty" that the level of training given to CDF employees would cause unconstitutional overdetentions. No facts alleged in the Complaint support this bold allegation.

To circumvent the deficiencies of his claim, plaintiff merely lists other lawsuits against the District. Pl's Opp. at 22-23. But the cases cited are not relevant to plaintiff's allegations. (*See* Defs' Mot. at 16-18). They do not involve reliance on inaccurate information and cannot establish the District has a pattern or practice of relying on inaccurate information to wrongfully detain inmates. "Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official

duties, do not warrant redress under [42 U.S.C. § 1983]." *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988). Count V should be dismissed.

## IV.   Plaintiff's Common Law Claims Should Be Dismissed.

### A.   Plaintiff Fails to State a Claim for False Imprisonment and Negligence.

Plaintiff argues that because "the District Defendants had no reasonable basis to believe they had the authority to detain Mr. Jones at any point during his 58-day detention," the District has no defense to plaintiff's false imprisonment claim under Count X. (*See* Opp. at 24). However, the plaintiff's Complaint recites the basis for his detention – the administrative warrant for his escape from Hope Village and directive from the USMS. (*See* FAC ¶ 40, 53, 59). Plaintiff has not stated a claim for false imprisonment or for negligence against the District defendants because plaintiff's detention was supported by the information provided to the District, which the District defendants reasonably relied upon. Counts X and XI should be dismissed.

### B.   Plaintiff Fails to State a Claim for Invasion of Privacy.

Plaintiff alleges he has a claim for invasion of privacy because the standard, routine search at CDF is offensive. Under plaintiff's rationale, every person involuntarily subject to a cavity search has a cause of action for invasion of privacy. This is not the case. The fact that the search is undesirable does not make it objectively unreasonably in the given context or create a cause of action for invasion of privacy. Count XII should be dismissed.

C.      <u>**Plaintiff Fails to State a Claim for Negligent Supervision.**</u>

Plaintiff generally alleges the District and Warden Smith "knew or should have known" CDF employees were "failing to correct lengthy cases of overdetention due to the weekly auditing and monthly reporting requirements." (FAC ¶ 179). The Complaint does not actually allege that the District miscalculated plaintiff's sentence. Plaintiff provides no basis from which to find the alleged failures of the District or Warden Smith were the proximate cause of his injuries. (*See* Defs' Mot. at 20-21). For this reason, plaintiff's negligent supervision claim, Count XII, should be dismissed.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, the Court should dismiss the Complaint with prejudice.

Dated:  May 24, 2016.          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

TONI MICHELLE JACKSON, Bar No. 453765
Chief, Equity Section

/s/ Amanda J. Montee
AMANDA J. MONTEE, Bar No. 1018326
Assistant Attorney General
Suite 630 South
441 Fourth Street, N.W.

Washington, D.C. 20001
(202) 724-5691
(202) 741-8934 (fax)
amanda.montee@dc.gov

*Counsel for Defendants*
*the District of Columbia,*
*Ms. Tia Gaines, Ms. Annette*
*Blair-Summers, Mr. William*
*Smith, and Mr. Stephen Stanford*