UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW JONES,                        )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )        Civil Action No. 16-07 APM
                                     )
DISTRICT OF COLUMBIA, et al.,        )
                                     )
          Defendants.                )
_____     )

STIPULATION OF SETTLEMENT AND PARTIAL DISMISSAL

     It is hereby stipulated by and between the undersigned

Plaintiff (meaning Andrew Jones, and any person signing this

agreement on his behalf, whether or not a party to this civil

action), and the United States of America, by and through their

respective attorneys, as follows:

     1.  The parties to this Stipulation Of Settlement And

Partial Dismissal ("Stipulation Of Settlement") do hereby agree

to settle and compromise each and every claim of any kind,

whether known or unknown, arising directly or indirectly from

the acts or omissions that gave rise to the above-captioned

action under the terms and conditions set forth in this

Stipulation, against the United States of America, its agencies,

agents, servants, and employees (current and former), including

but not limited to Henry Alvarado, Linwood Battle, Aaron Good,

Michelle Drinkard, Mikhail Piper and/or Stephanie Sipes.
Plaintiff retains the right to pursue his claims against the
District of Columbia ("DC") defendants (DC, William Smith,
Annette Blair-Summers, Tia Gaines, and Stephen Stanford),
hereafter referred to as "the DC Defendants".

2.   The United States of America agrees to pay the sum of
$25,000.00, which sum shall be in full settlement and
satisfaction of any and all claims, demands, rights, and causes
of action of whatsoever kind and nature, arising from, and by
reason of any and all known and unknown, foreseen and unforeseen
bodily and personal injuries, damage to property and the
consequences thereof, resulting, and to result, from the subject
matter of this settlement, including any claims for wrongful
death, for which plaintiff or his guardians, heirs, executors,
administrators, or assigns, and each of them, now have or may
hereafter acquire against the United States of America, its
agencies, agents, servants, and employees (current and former),
including but not limited to Henry Alvarado, Linwood Battle,
Aaron Good, Michelle Drinkard, Mikhail Piper and/or Stephanie
Sipes.

3.   Plaintiff and his guardians, heirs, executors,
administrators or assigns hereby agree to accept the sums set
forth in this Stipulation Of Settlement in full settlement and

-2-

satisfaction of any and all claims, demands, rights, and causes
of action of whatsoever kind and nature, including claims for
wrongful death, arising from, and by reason of any and all known
and unknown, foreseen and unforeseen bodily and personal
injuries, damage to property and the consequences thereof which
they may have or hereafter acquire against the United States of
America, its agencies, agents, servants and employees (current
and former) on account of the same subject matter that gave rise
to the above-captioned action, including any future claim or
lawsuit of any kind or type whatsoever, whether known or
unknown, and whether for compensatory or exemplary damages.

4.  Plaintiff and his guardians, heirs, executors,
administrators or assigns further agree to reimburse, indemnify
and hold harmless the United States, its agencies, agents,
servants, and employees (current and former), including but not
limited to Henry Alvarado, Linwood Battle, Aaron Good, Michelle
Drinkard, Mikhail Piper and/or Stephanie Sipes from and against
any and all such causes of action, claims, liens, rights, or
subrogated or contribution interests incident to or resulting
from further litigation, or the prosecution of claims by,
Plaintiff or his guardians, heirs, executors, administrators or
assigns against any third party or against the United States,
including but not limited to claims for wrongful death.

-3-

5. This Stipulation Of Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agencies, agents, servants, and employees (current and former), including but not limited to Henry Alvarado, Linwood Battle, Aaron Good, Michelle Drinkard, Mikhail Piper and/or Stephanie Sipes, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

6. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto, although Plaintiff retains the right to pursue claims for attorney fees from the DC Defendants.

7. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with claims against the United States under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) shall not exceed 25 per centum of the $25,000 amount of the compromise settlement set forth in Paragraph 2.

-4-

8.   The persons signing this Stipulation Of Settlement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.   In the event Plaintiff is a minor or a legally incompetent adult, the Plaintiff must obtain Court approval of the settlement at his expense.   Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not timely obtained when required.   In the event Plaintiff fails to obtain such Court approval when required, the entire Stipulation Of Settlement and the compromise settlement are null and void.

9.   Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendants, the Agency, and the United States, its agencies and officials, and its current and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

-5-

10.   Payment of the settlement amount will be made by government wire transfer to an account to be designated by undersigned counsel for Plaintiff; and counsel for Plaintiff shall provide to counsel for the United States the following information and such other as may be necessary to effect the transfer:

    A.   Name of Bank:
    B.   Street Address of Bank:
    C.   City, State and Zip Code of Bank:
    D.   Federal Reserve Number:
    E.   Routing Number:
    F.   Name of Account:
    G.   Account Number:

And Plaintiff's attorneys agree to distribute the settlement proceeds appropriately to Plaintiff, and that the dismissal herein shall include each party bearing its or his own fees, costs, and expenses.

11.   The parties agree that this Stipulation Of Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12.   It is contemplated that this Stipulation Of Settlement may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and

signature pages or copies thereof, together, shall be deemed to be one document.

13.   The Parties agree that the terms expressly recited herein represent the entire compromise settlement and that, except for the sum set forth in Paragraph 2 above, the respective Parties will each bear their own costs, fees, expenses, and attorneys' fees.   There are no terms or conditions to this Stipulation Of Settlement except those expressly stated herein.   This agreement may not be altered, modified, withdrawn, waived, rescinded, or supplemented except by a written instrument executed by duly authorized representatives of both parties to the agreement.

14.   Plaintiff understands that taxes will not be withheld from the Settlement Amount.   Plaintiff acknowledges that he has not relied on any representations by government employees or agents as to the tax consequences of this Stipulation Of Settlement or any payments made to him hereunder.   Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation Of Settlement that are applicable to Plaintiff.

WHEREFORE, this Civil Action is hereby dismissed with prejudice insofar as it seeks, or could seek, to recover from

-7-

the United States, its agencies, agents, servants, and employees (current and former), including but not limited to Henry Alvarado, Linwood Battle, Aaron Good, Michelle Drinkard, Mikhail Piper and/or Stephanie Sipes, subject only to the Court retaining jurisdiction as necessary to enforce the terms of this Stipulation Of Settlement; thus, this limited retention of jurisdiction does not include any authority to compensate for any amount of damages as may be occasioned by a breach of the agreement.

Respectfully submitted,

_____
MATTHEW J. PEED, ESQ.
DC Bar #503328
CLINTON BROOK & PEED
1455 Pennsylvania Ave. N.W.
Suite 400
Washington, DC 20004
(202) 618-1628 (tel)

for Plaintiff

dated:_____

ANDREW JONES

Plaintiff

dated:_____

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney


DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By:
/s/
_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

for Federal Defendants

dated:_____

-8-

the United States, its agencies, agents, servants, and employees
(current and former), including but not limited to Henry
Alvarado, Linwood Battle, Aaron Good, Michelle Drinkard, Mikhail
Piper and/or Stephanie Sipes, subject only to the Court
retaining jurisdiction as necessary to enforce the terms of this
Stipulation Of Settlement; thus, this limited retention of
jurisdiction does not include any authority to compensate for
any amount of damages as may be occasioned by a breach of the
agreement.

Respectfully submitted,

MATTHEW J. PEED, ESQ.
DC Bar #503328
CLINTON BROOK & PEED
1455 Pennsylvania Ave. N.W.
Suite 400
Washington, DC 20004
(202) 618-1628 (tel)

for Plaintiff

dated: 9/28/16


ANDREW JONES

Plaintiff


dated:_____


CHANNING D. PHILLIPS, DC Bar
#415793
United States Attorney


DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division


By:
/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

for Federal Defendants


dated:_____

-8-

the United States, its agencies, agents, servants, and employees
(current and former), including but not limited to Henry
Alvarado, Linwood Battle, Aaron Good, Michelle Drinkard, Mikhail
Piper and/or Stephanie Sipes, subject only to the Court
retaining jurisdiction as necessary to enforce the terms of this
Stipulation Of Settlement; thus, this limited retention of
jurisdiction does not include any authority to compensate for
any amount of damages as may be occasioned by a breach of the
agreement.

Respectfully submitted,

_____
MATTHEW J. PEED, ESQ.
DC Bar #503328
CLINTON BROOK & PEED
1455 Pennsylvania Ave. N.W.
Suite 400
Washington, DC 20004
(202) 618-1628 (tel)

for Plaintiff


dated:_____


_____
ANDREW JONES

Plaintiff


dated:_____

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney


DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

for Federal Defendants

dated: ___9/28/16___