UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW JONES, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 16-cv-0007 (APM) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST THE DISTRICT OF COLUMBIA**

Plaintiff Andrew Jones, by and through undersigned counsel, respectfully submits the following points and authorities in support of Plaintiff's Partial Motion for Summary Judgment:

**INTRODUCTION**

The evidentiary landscape of this case has changed dramatically since the District Defendants filed their motion to dismiss the Amended Complaint ("AC") in April 2016. In their still-pending motion, the District Defendants asserted that Mr. Jones was detained for two months pursuant to a "facially-valid" federal warrant, and thus that the District Defendants were not liable for his detention. After briefing on the motion was completed, however, the now-dismissed Federal Defendants came forward with affidavits and documents showing conclusively that the U.S. Marshals Service (USMS) informed officials at D.C. Jail on November 6, 2014 that Mr. Jones should be immediately released. Ex. 1 (Johnson Decl.), Att. A. Given this email, the District cannot possibly disclaim responsibility for its employees' continuing detention of Mr. Jones without any lawful authority and against the express orders of USMS. Accordingly, the case is now ripe for summary judgment on the issue of liability for false imprisonment by the District of Columbia.

1

## FACTS

On November 3, 2014, Plaintiff Andrew Jones completed a term of federal imprisonment and was released from the Hope Village halfway house. Ex. 2 (Jones Decl.), ¶ 2; Ex. 3 (sentence computation report). He reported two days later to the Court Services and Offender Supervision Agency (CSOSA) to begin his period of supervision. Ex. 2, ¶ 3.

Unbeknownst to Mr. Jones, the Bureau of Prisons (BOP) had filed a notice of escape against him due to his failure to attend work on October 10, 2015. Ex. 4 (BOP Notice of Escape). The notice resulted in a warrant being issued by USMS the following Monday. BOP asked USMS the same day to rescind the warrant, since Mr. Jones returned to his halfway house before curfew on October 10, 2015. Ex. 5 (BOP request). For unknown reasons, however, USMS failed to remove its posting about the warrant in the National Crime Information Center (NCIC) database. Ex. 6 (NCIC report).

Mr. Jones was arrested at CSOSA by the Metropolitan Police Department (MPD) and charged with escape from an institution in violation of D.C. Code § 22-2601. Ex. 2, ¶ 3. He was transported to the 6th District precinct for processing and held overnight at the Central Detention Facility (CDF) of the D.C. Department of Corrections (DOC). *Id*., ¶ 4. The next morning, November 6, 2014, Mr. Jones was transported to the Superior Court of the District of Columbia to be arraigned. *Id*., ¶ 5.

No charges were filed, however. Accordingly, USMS officers in the Prisoner Coordination Section directed USMS officers in D.C. Superior Court to transport Mr. Jones back to CDF to await designation to a new facility by the BOP. Ex. 7 (Form USM-41). When USMS informed the BOP that Mr. Jones had been sent back to CDF, the BOP sent an email to USMS stating that Mr. Jones had "completed his BOP sentence as of 11-03-14" and that "the BOP has no interest in this subject."

Ex. 8 (Battle Decl.), Attach. A. (November 6, 2014 email from Robert Revell). As a result, Rolina Johnson, an employee of the USMS Prisoner Coordination Section, sent an email to the DOC Records Management section stating: "PLEASE RELEASE [MR. JONES] ASAP THE WARRANT WAS EXECUTED IN ERROR." Ex. 1 (Johnson Decl.), Attach. A. Ms. Johnson's email also attached a USMS form known as a Form USM-41 stating that Mr. Jones had been "RELEASE[D] FROM DISTRICT CT CHARGES." *Id.*

According to Ms. Johnson, this email was sent to the email address "used by the DCDC Prisoner Coordination Section for prisoner detention matters," and "gave notice to the DOC that Mr. Jones was to be immediately released from any federal charges, because he was not wanted for escape and he had no other such charges." Ex. 1, ¶ 3. Despite Ms. Johnson's email, however, and despite the lack of any new charges against Mr. Jones or outstanding time on his BOP sentence, CDF employees continued to detain Mr. Jones for the next 59 days. Ex. 2, ¶ 4, 12. He was finally released on January 2, 2015 after the BOP sent another email to CDF stating that Mr. Jones had completed his sentence and should be released "as soon as possible." Ex. 9; Ex. 2, ¶ 12.

## ARGUMENT

Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move for summary judgment on any "claim or defense or the part of [a] claim or defense." The rule states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

moving party has done so, the non-moving party must identify for the Court specific facts showing that there is a genuine issue for trial. *Id*. at 324 (internal citations omitted).  The non-moving party cannot meet that burden and avoid summary judgment "merely by impugning [the] honesty" of the moving party's witnesses. *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280 (2d Cir. 1999); *see also Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998)) ("[T]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment.").  In addition, if "the parties agree about the facts—what happened—and the court accepts the movant's view of the legal implications of those facts," summary judgment is appropriate. *Johnson v. Perez*, 823 F.3d 701, 705 (D.C. Cir. 2016).

"The gravamen of a complaint for false arrest or false imprisonment is an unlawful detention."  *Enders v. D.C.*, 4 A.3d 457, 461 (D.C. 2010) (citing *Clarke v. District of Columbia,* 311 A.2d 508, 511 (D.C.1973)).  Accordingly, "depriving someone of the ability to freely move for any amount of time, either by real force or the threat of force, will be sufficient to bring a claim for false arrest or false imprisonment." *Lyles v. Micenko*, 468 F. Supp. 2d 68, 74 (D.D.C. 2006) (citing *Marshall v. Dist. of Columbia*, 391 A.2d 1374, 1380 (D.C. 1978)); *see also Enders*, 4 A.3d at 461 ("[t]he essential elements of false imprisonment are: (1) the detention or restraint of one against his or her will, and (2) the unlawfulness of the detention or restraint") (quoting 32 Am.Jur.2d *False Imprisonment* § 7 (2007)).  A law enforcement defendant has an affirmative defense to false imprisonment if "in light of the law and circumstances known to him (including constructive knowledge) he honestly and reasonably thinks his actions are lawful." *Marshall*, 391 A.2d at 1381. Thus, "[i]n actions for false arrest and false imprisonment, the central issue is whether the arresting officer was justified in [detaining] the plaintiff...." *Bradshaw v. D.C.*, 43 A.3d 318, 323 (D.C. 2012) (citing *Scott v. District of Columbia*, 493 A.2d 319, 321 (D.C.1985)).

Here, the undisputed facts establish that District of Columbia employees falsely imprisoned Mr. Jones for nearly two months. First, Mr. Jones was unquestionably deprived of his liberty by the DOC for the period he was held at CDF. Second, for at least the fifty-nine days from November 6, 2014 to January 2, 2015, there is no genuine dispute that this detention was unlawful. On November 6, 2014, when Mr. Jones returned to CDF, there were no charges pending against him, no judicial commitment order against him, no detainers, no outstanding warrants, and no time remaining on his BOP sentence. Thus, as an undisputed factual matter, there was no legal basis for detaining him during that period.

In light of the November 6, 2014 email from Rolina Johnson to the DOC, there can also be no genuine dispute that DOC employees acted unreasonably, precluding any affirmative defense. Although the District Defendants claim to have relied on a "facially-valid" warrant, the USMS warrant could not provide a lawful basis to detain Mr. Jones after he returned from Superior Court without any new charges filed against him. In any event, Ms. Johnson's email expressly stated that the warrant "was executed in error." Ex. 1, Attach. A. And DOC employees could not reasonably believe that Mr. Jones should be held on any other basis, whether for the BOP or USMS: the name of the attachment to Ms. Johnson's email was "usm41 Release By BOP-DC Jail.pdf"; its body directed CDF to "PLEASE RELEASE ASAP"; and the attachment stated that he had been "release[d] from district ct charges." *Id*. This "gave notice to the DOC that Mr. Jones was to be immediately released from any federal charges, because he was not wanted for escape and he had no other such charges." Ex. 1, ¶ 3. Thus, there is simply no universe in which Mr. Jones's continued detention at CDF could have been reasonable following Ms. Johnson's email, which under District of Columbia law must be included as part of "constructive knowledge" attributable to its employees. *Marshall*, 391 A.2d at 1381.

Since the undisputed facts establish both that Mr. Jones was unlawfully detained at CDF and that his detention was without reasonable justification, there is no genuine issue that Mr. Jones was falsely imprisoned by DOC employees. And since the District of Columbia is liable for the intentional torts of its employees, Mr. Jones is entitled to summary judgment on the issue of liability for false imprisonment against the District of Columbia. *See Wade v. D.C.*, 310 A.2d 857, 862 (D.C. 1973) (applying respondent superior liability to the District of Columbia for false imprisonment).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that partial summary judgment be entered against the District of Columbia on the issue of liability for false imprisonment.

Dated: November 11, 2016                    Respectfully submitted,

 

Matthew J. Peed (DC Bar No. 503328)
Matt@ClintonBrook.com
**CLINTON BROOK & PEED**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC  20004
Tel: (202) 621-1828
Fax: (202) 204-6320

*Attorney for Plaintiff Andrew Jones*